IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:13-cr-00044-SWW |
| | * | |
| | * | |
| WILLIAM GROBOSKI, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Before the Court is defendant's motion [doc.#15] for a *de novo* review and revocation of the magistrate judge's order of detention. For the reasons that follow, the motion for revocation is denied.

Defendant was indicted on February, 6, 2013, for knowingly permitting his minor child to engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct and transmitting the visual depiction using means of interstate or foreign commerce in violation of 18 U.S.C. § 2251(b). He made his initial appearance on March 28, 2013, entered a plea of not guilty, and demanded a jury trial. On April 18, 2013, Defendant, who was already in custody, moved the Court for a bond hearing. The magistrate judge conducted a detention hearing on May 22, 2013, and ordered defendant detained. Pursuant to 18 U.S.C. § 3145(b), defendant filed the motion before the Court on May 22, 2013, and the government

filed its response on June 7, 2013 [doc.#19].

The district court reviews a magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). Pursuant to § 3145(b), the motion shall be determined promptly. The district court may either hold an evidentiary hearing or review the pleadings and evidence developed before the magistrate judge. *See United States v. Gaviria*, 828 F.2d 667 (11th Cir. 1987); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (unpublished).

The Court finds there is probable cause that defendant committed an offense involving a minor victim under 18 U.S.C. § 2251. Under 18 U.S.C. § 3142(e), a statutory rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." In determining whether there are release conditions that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g). "In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence

he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (internal citations and quotations omitted).

Upon *de novo* review of the pleadings and the recording of the bond hearing, the Court finds no reason to revoke the detention order. The Court finds that the magistrate judge's decision that the defendant failed to overcome the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community, *see* 18 U.S.C. § 3142(e)(3)(E), and that there is a substantial risk of flight, is well-founded.

IT IS THEREFORE ORDERED that defendant's motion [doc.#15] for a *de novo* review and revocation of the magistrate judge's order of detention is denied.

Dated this 10th day of June 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE